# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HORACE MITCHELL, JR.,**
**HATTIE MITCHELL,**
      **Plaintiffs,**

**-vs-**               **Case No.  6:06-cv-1089-Orl-31JGG**

**CITY OF DAYTONA BEACH, OFFICER**
**SCOTT FRANTZ, SGT. JIMMY FLYNT,**
**and LT. TODD HART,**

      **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Dismiss (Doc. 27) filed by Defendant City of Daytona Beach ("the City") and Plaintiffs' Response thereto (Doc. 35).

**I. Background**

Plaintiffs' Amended Complaint (Doc. 28) alleges that, on December 22, 2004, Officer Scott Frantz and Sgt. Jimmy Flynt (hereinafter "the officers"), employees of the City, failed to obtain medical care for Horace Mitchell ("Mitchell") while he was detained in the back of a police car and having a stroke or seizure. Plaintiffs assert that the officers were wrongfully accusing Mitchell of being intoxicated, when he was clearly ill. Plaintiffs allege the officers' wrongful arrest of Mitchell and failure to provide him medical care has caused them harm.

**II. Standard of Review**

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232 (1974), and must limit its

consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted). "A complaint need not specify in detail the precise theory giving rise to the recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

Count I of Plaintiffs' Amended Complaint alleges negligence *per se* on the part of the City for violations of various Florida statutes. (Doc. 28 at 8). In Florida, negligence *per* se can be established only when a defendant has violated either a strict liability statute which is "designed to protect a particular class of persons from their inability to protect themselves" or "any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *DeJesus v. Seaboard C. L. R. Co.*, 281 So. 2d 198, 201 (Fla. 1973) (internal citation omitted).

In this case, Plaintiffs allege violations of Fla. Stat. §§ 768.28(1), 839.13, 839.25 and 839.24. (Doc. 28 at 9). None of Plaintiffs' allegations support a cause of action for negligence *per se.* Fla. Stat. § 768.28(1) is merely a waiver of sovereign immunity in select circumstances, which cannot be "violated" by the City or its officers. Fla. Stat. § 839.13 prohibits the falsification of records and Fla. Stat. § 839.25 prohibits official misconduct (i.e. accepting bribes). Neither of these statutes purport to protect any particular class of persons. Finally, Fla Stat. § 839.24 makes it a misdemeanor for certain government officials to fail to perform duties required of them under the criminal procedure laws. Even if it could be successfully argued that this section was enacted to protect criminal defendants (which is doubtful), Plaintiffs' Amended Complaint does not allege that any of the officers failed to perform a duty required by the criminal procedure code.

Therefore, as to Count I, Plaintiffs have failed to state a claim upon which relief can be granted, and it will be dismissed.

In Count II, Plaintiffs assert a cause of action for "direct negligence" against the City, alleging that the City has failed to: (1) follow proper hiring protocol; (2) properly monitor,

supervise and control its officers and (3) adequately and properly enforce its policies and procedures with regard to citizen and officer complaints.

The City claims that it is entitled to immunity on this Count, as these allegations all involve protected discretionary functions. (Doc. 27 at 5). Under Florida law, a municipality cannot be held liable for negligent, planning-level decisions. *White v. Palm Beach County,* 404 So.2d 123 (Fla. 4th DCA 1981). The Florida Supreme Court has adopted an operational/planning analysis in identifying which acts remain immune from tort liability. *Id.* at 124 (citing *Commercial Carrier Corp., v. Indian River County,* 371 So.2d 1010 (Fla. 1979)). Under this analysis, "operational level decisions and actions are not immune while decisions at the planning level remain immune." *Id.*

In deciding whether a decision is operational or planning-level, courts are instructed to ask four questions:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved[?] (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision[?]

*Department of Health & Rehabilitative Servs. v. Yamuni*, 529 So. 2d 258, 259-260 (Fla. 1988) (hereinafter *"Yamuni"*).

The Florida Supreme Court notes that "if these preliminary questions can be clearly and unequivocally answered yes, then the challenged act is probably . . . immune from tort liability. If the answer to any of the questions is no, the activity is probably operational level which is not immune." *Yamuni*, 529 So. 2d at 260.

Viewing the Amended Complaint in the light most favorable to the Plaintiffs, this Court cannot say that the alleged negligent acts are planning-level. In Count II, Plaintiffs allege essentially that the City and its officers are guilty of failing to follow and enforce their policies - not that the policies were poorly made in the first place.[1] It appears that the actions challenged by Plaintiffs in Count II are in fact operational, and therefore not immune. Thus, Count II will not be dismissed.

In Count III, Plaintiffs allege violations of 42 U.S.C. § 1983 ("§ 1983"). A claim for relief under § 1983 requires that Plaintiffs allege a "deprivation of an actual constitutional right." *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999). The City argues that Plaintiffs' fail to allege such a violation. While the Court acknowledges that Plaintiffs' Amended Complaint is not precisely drafted, Plaintiffs do specifically allege violations of Amendments IV and V. (Doc. 28 at 15). Plaintiffs also allege failure to provide medical care, which is a violation of Amendment XIV. *See McElligott* at 1254; *Hatten v. Prison Health Services, Inc.,* 2006 U.S. Dist. LEXIS 65143, *11 (M.D.Fla. Sept. 13, 2006). Plaintiffs have thus complied with the notice pleading requirements. Plaintiffs have also sufficiently alleged policies and customs that may have caused the constitutional violations, as required to establish municipal liability under § 1983. *See Sherrod v. Palm Beach County School District,* 424 F. Supp. 2d 1341, 1344 (S.D.Fla. 2006). Therefore, Count III will not be dismissed.

---

[1] The Court notes that this theory is inconsistent with that relied upon in Count III, discussed *infra,* however plaintiffs are permitted to plead inconsistent counts in the alternative. *See* Fed. R. Civ. P. 8(e)(2).

Finally, the City argues that Plaintiffs cannot be entitled to punitive damages from the City because municipalities are immune from punitive damages, and therefore their prayer for such relief should be stricken. Plaintiffs' Amended Complaint merely contains a single, general prayer for punitive damages, without specifying against which party such damages are sought. (Doc. 28 at 4). Therefore, the Court need not, and will not, decide at this time whether such damages would be available in this case, from any defendant. Plaintiffs have put all defendants on notice that punitive damages will be sought to the extent they are available and, at this stage, that is all that is required.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 27) is **GRANTED** in part and **DENIED** in part. Count I of Plaintiffs' Amended Complaint is **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 3, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party